CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 19 2019
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CANDI M. LUMPKIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:17-cv-00030 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMISSIONER OF SOCIAL ) | By: Hon. Jackson L. Kiser |
| SECURITY, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I deny Plaintiff Candi Lumpkin's ("Plaintiff") Motion for Summary Judgment/Motion to Remand [ECF No. 17], grant the Commissioner's Motion for Summary Judgment [ECF No. 19], and affirm the Commissioner's decision. The R&R was filed on July 31, 2018 [ECF No. 21], and Plaintiff filed an objection on August 28 [ECF No. 24]. The Commissioner responded [ECF No. 25], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On February 19, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"), and on February 28, she filed an application for supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2018). (See R. 69; 77.) In her applications, Plaintiff alleged that she had been disabled since March 22, 2013, due to a combination of: complications arising from a right hip replacement; thyroid removal; and left foot issues due to

compensating for the replaced right hip. (See, e.g., R. 69; 77.) The Commissioner denied Plaintiff's claims initially on May 15, 2014 (R. 76; 84), and again upon reconsideration on August 21, 2014. (See R. 94; 103.)

Plaintiff requested a hearing before an Administrative Law Judge and on March 4, 2016, Plaintiff appeared with her attorney before Administrative Law Judge Ted Annos ("the ALJ"). (R. 38–68.) Both Plaintiff and a vocational expert, Dr. Gerald Wells, testified. (Id.) In a written decision dated March 25, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 19–33.) He found that Plaintiff suffered from "bilateral hip disorder status-post right hip replacement, and obesity," which qualified as severe impairments. (R. 21–22 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, & 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) & 416.967(a), except that she is "limited to occasional pushing and pulling with the lower extremities; can never climb ladders, ropes[,] and scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and can occasionally be exposed to extreme cold, vibration, and hazards (such as unprotected heights and moving mechanical parts)." (See R. 23–31.) The ALJ concluded that, although Plaintiff was not capable of performing her past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform, such as appointment clerk, credit card interviewer, and phone information clerk. (R. 31–32 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, & 416.969(a)).) Accordingly, the

ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 32.) The Appeals Council denied Plaintiff's request for review (R. 1–3), and the decision of the ALJ became the final decision of the Commissioner on March 10, 2017. (Id.)

On May 5, 2017, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. Plaintiff filed a Motion for Summary Judgment/Motion to Remand on December 12, 2017 [ECF No. 17], and the Commissioner filed a Motion for Summary Judgment on January 9, 2018 [ECF No. 19]. On July 31, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I deny Plaintiff's motion for summary judgment/motion to remand, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner. (R&R, July 31, 2018 [ECF No. 21].) On August 28, Plaintiff filed timely[1] objections to the R&R. (Pl.'s Obj., Aug. 31, 2018 [ECF No. 24].) The Commissioner responded on September 11 [ECF No. 25], so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

---

[1] Plaintiff was granted an extension to file her objection. (See Order, Aug. 14, 2018 [ECF No. 23].)

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff has raised five objections to the R&R. They will be addressed in turn.

Plaintiff's first objection—that the R&R misstated and misapplied the holding in Craig v. Chater, 76 F.3d 585, (4th Cir. 1996)—is unpersuasive. As discussed recently, see Pannell v. Berryhill, No. 4:17cv00025, 2019 WL 954984, at *3–4(W.D. Va. Feb. 26. 2019), Plaintiff's argument appears to create a rebuttable presumption upon a positive finding at Step One that Plaintiff will succeed at Step Two. This is not the law, and the R&R did not err in stating the law correctly. For the reasons discussed in Pannell, Plaintiff's first objection will be overruled.

As to Plaintiff's second objection—that a treating physician's opinion is presumptively controlling unless and until the Commissioner shows that it is inconsistent to the evidence in the Record—I am unpersuaded. The text of the applicable regulations state: "***If*** we find that a treating source's medical opinion on the issues(s) of the nature and severity of your impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (emphasis added). The plain language of the controlling regulations require that something more than the existence of a treating relationship be shown before a treating physician's opinion is entitled to controlling weight. "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source . . . ." SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996). The R&R correctly stated the law, and Plaintiff's second objection will be overruled.

In her third objection, Plaintiff contends that the ALJ failed to conduct a function-by-function assessment. Social Security Ruling 96-8p explains how ALJs are to assess a claimant's residual functional capacity ("RFC"). The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess . . . her work-related abilities on a function-by-function basis, including the functions" listed in the applicable regulations. SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." <u>Id.</u> The Fourth Circuit has declined to adopt a *per se* rule requiring reversal when an ALJ fails to conduct appropriately the function-by-function analysis, instead stating that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's

analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013) (per curiam)).

While I agree with Plaintiff that the ALJ's discussion is not the model opinion, I do not believe this to be a case where remand is warranted. As the Fourth Circuit stated in Mascio, remand is appropriate when meaningful review is frustrated. This is not such a case. Unlike the R&R in Mascio, the ALJ discussed the relevant medical opinions and the reasons they were given the weight he assigned to them. For example, the ALJ discussed why the opinions of Plaintiff's treating physicians, Drs. Diminick and Moore, were not entitled to controlling weight. Dr. Diminick did not have an opinion on how long Plaintiff could sit in an 8-hour day, although he did opine that she could sit for 15 minutes continuously. Dr. Moore opined that Plaintiff could sit no more than six hours in an 8-hour work day, and that she could sit 5–20 minutes continuously. The ALJ gave each of these opinions little weight, and he adequately explained his reasons for doing so. (R. 30–31.)

In contrast, the State agency reviewing physicians were unanimous in their conclusion that Plaintiff could sit for six hours in an 8-hour workday. (See R. 73, 82, 92, 101.) These opinions were given partial weight, as the ALJ concluded that certain postural limitations over and above their recommendations were appropriate. (R. 31.) Here, like in Hayslett v. Colvin, "[t]he ALJ discussed, in detail, [Plaintiff's] relevant . . . functions, summarized the pertinent medical records, and provided a thorough explanation for why he weighted certain opinions more heavily than others in calculating [Plaintiff's] RFC." No. 7:14cv631, 2016 WL 1296080, at *8 (W.D. Va. Mar. 30, 2016). Although the ALJ did not expressly state his conclusion that Plaintiff could sit for six hours in an 8-hour workday, see 20 C.F.R. § 416.945(b) (listing the relevant "physical demands of work activity"), the record is sufficiently clear to review his

decision that Plaintiff could do so. Because the ALJ's opinion provides a "sufficient basis to review his conclusions," Humphries v. Colvin, No. 3:15cv188, 2015 WL 9942619, at *4 (E.D. Va. Dec. 31, 2015), report and recommendation adopted, 2016 WL 356086 (E.D. Va. Jan. 28, 2016), and because those conclusions are adequately supported by the record, remand is not appropriate and the objection will be overruled.

Plaintiff's fourth objection is premised on her contention that the ALJ erred by failing to make a finding regarding her need for a cane for balancing. This argument is belied by the ALJ's opinion, however. Regarding Plaintiff's "need" for a cane:

> [W]hile the claimant alleged at the hearing that she has required the use of a cane daily since her surgery in March 2013, records indicate that she had periods when she did not use the cane, including a 3-week period in July 2013. The claimant also stated during a February 2014 physician visit that she could walk six blocks, that she used a cane for support only during "severe episodes," and she only needed a cane if standing for longer than a few hours.

(R. 28.)

It is well-settled that a claimant bears the burden of establishing that a cane is medically necessary. See, e.g., Wimbush v. Astrue, No. 4:10cv36, 2011 WL 1743153, at *2–3 (W.D. Va. May 6, 2011).

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case.

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). The ALJ considered—and rejected—the opinions of Plaintiff's treating physicians, both of whom mentioned Plaintiff's use of a cane. Plaintiff instead relies on her own, self-professed need for a cane, and ascribes error to the ALJ

for not accepting that testimony as establishing medical necessity. There is a marked difference between Plaintiff's use of a cane[2] and the medical necessity for one,[3] and her argument appears to ignore this distinction. The ALJ rejected those medical opinions that concluded a cane was medically required, and that conclusion was supported by sufficient evidence. Moreover, Plaintiff's argument ignores her own statements that she does not always need a cane walk. (See, e.g., R. 354, 364, 367.) As I am not empowered to reweigh conflicting evidence, I find no error in the ALJ's failure to hold that a cane was medically necessary.[4] Plaintiff's fourth objection lacks support in the record and will be overruled.

Plaintiff's final argument goes to the ALJ's conclusion that Plaintiff's testimony is inconsistent with her treatment record. See Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996) (discussing Step Two of the sequential evaluation process regarding the disabling effect of pain or other symptoms). She relies exclusively on the issue of her cane use but ignores the lengthy discussion of the disparity between her alleged symptoms and her treatment record. (See R. 28.) Even if I were to grant every argument Plaintiff makes regarding the ALJ's consideration of her testimony regarding her use of a cane, the discussion of her treatment record is more than sufficient evidence to affirm the ALJ's conclusion. See Stitley v. Colvin, 621 F. App'x 148, 150–

---

[2] A plain reading of the ALJ's opinion indicates that, when he referred to Plaintiff's "require[d]" use of a cane, he was referring to her own determination that she needed to use a cane. (See, e.g., R. 22.) Plaintiff places an undue weight on the use of the word "require," as if that word, standing alone, binds the ALJ to the conclusion that a cane is "medically necessary." The ALJ could have written: "Further, the record reflects that when the claimant does use (as opposed to require) an assistive device, she uses a single hand-held cane." Such a phrasing accurately relays the ALJ's obvious meaning and illustrates the lack of a concession that a cane was medically necessary. (See Pl.'s Obj. pg. 10 [ECF No. 24].)

[3] Certainly a claimant's use of cane is relevant evidence to consider when determining whether a cane is medically required. It is not sufficient on its own, however, to establish medical necessity in every case.

[4] Plaintiff appears to want the ALJ to state, specifically, the no cane is required. But she fails to point to any law or regulation that requires the ALJ to make such negative determinations. The record, when considered as a whole, establishes the ALJ considered, and rejected, evidence suggesting a cane was medically necessary in Plaintiff's case.

51 (4th Cir. 2015) (per curiam) (unpublished); Smith v. Colvin, 756 F.3d 621, 626 (8th Cir. 2014) (noting with approval that the ALJ's credibility determination was based, in part, on finding the plaintiff's treatment was "essentially routine and/or conservative in nature"); Wall v. Astrue, 561 F.3d 1048, 1068–69 (10th Cir. 2009) (holding that a history of conservative medical treatment undermines allegations of disabling symptoms). Because there is substantial evidence to support the ALJ's conclusion, Plaintiff's final objection will be overruled.

## IV. CONCLUSION

Plaintiff's objections are not supported by the record or relevant law and will be overruled. I have reviewed the remainder of the record for clear error. Finding none, I will adopt the R&R, deny Plaintiff's Motion for Summary Judgment/Motion to Remand, and grant the Commissioner's Motion for Summary Judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 19th day of March, 2019.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE